Sidney Leviss, J.
This is an article 78 proceeding for a judgment directing respondent Irving Anker as Chancellor of the Board of Education of the City of New York "to make a determination of the grievance heretofore presented to him by petitioner, as required by the Rules and Regulations of the Board of Education of the City School District of New York governing grievances against Community School Boards or members”. The respondents cross-move to dismiss the petition for failure to state a cause of action and on the grounds that petitioner lacks standing and has failed to exhaust her administrative remedies.
The petition is brought by Lenore Gordon as Treasurer of the Parent Teachers Association of Public School 179 in Queens. On or about June 26, 1975 respondent Community School Board No. 26 made a determination to permanently close Public School 179, effective immediately. This determination followed a meeting held on June 23, 1975 for the purpose of discussing the closing of said school with the Parent Teachers Association. On July 1, 1975 petitioner submitted a. grievance petition to respondent Anker, requesting that he reject and disapprove the closing of Public School 179 by Community School Board No. 26.
On July 22, 1975 the Executive Director of the Board of Education wrote to the Community School Board informing it of the receipt of the grievance and requesting its response. To date there has been no resolution of the grievance although it appears from petitioner’s brief that an unsuccessful conciliation meeting between petitioner and respondent Anker, or his representative, was held on August 19, 1975.
On November 17, 1971 the Board of Education adopted a comprehensive, but rather inarticulate, set of rules and regulations governing grievances against Community School Boards or members. Rule 2.1 gives standing to any person or organization aggrieved by the failure of a Community School Board to comply with any applicable provisions of law, bylaws, rules or regulations, directives or agreements to petition the Chancellor concerning the alleged violations. Accordingly, the court finds that petitioner had standing to present a grievance to the Chancellor and has the standing to challenge an action or lack of action by the Chancellor on that grievance. Whether petitioner is entitled to the relief requested in the present proceeding is another question, however.
Rule 1.2 of the Rules and Regulations provides: "Nothing *943 contained in these rules shall be deemed to limit or otherwise present the Chancellor or his designee from initiating action on his own motion nor shall any provisions of these rules be deemed to require that the Chancellor take action when at the discretion of the Chancellor he declines to act.”
In apparent contradiction to rule 1.2, rule 4 provides:

"Response by the Chancellor

"4.1. Within 15 days after the receipt of a petition, the Chancellor shall mail to the person alleging the violation, with a copy of the statement to the Community School Board, a statement indicating that:
"(a) The petition does not comply with the requirements'set forth in 3.1 above.
"(b) Because the matter has not been first brought to the attention of the community school board or member(s) or because the community school board or member(s) has had an inadequate amount of time in which to respond to the complaint and take appropriate action or because the matter has not adequately been presented to the community school board or member(s), no action will be taken by the Chancellor unless and until the matter is presented to the community school board or member(s) for proper resolution.
"(c) The matter has been investigated by the Chancellor or his designee and the Chancellor, in his discretion, has determined that no further action should be taken.
"(d) The matter has been investigated and the Chancellor or his designee has attempted or will attempt conciliation of the matter.
"(e) Further information is required before the Chancellor can act on the matter.
"(f) The matter is under consideration by the Chancellor and will be responded to upon completion of the investigation.
"(g) The matter does not properly fall within the scope of the grievance procedures.”
It is clear that under rule 4 the Chancellor is required to respond to a grievance in one of several designated ways within 15 days of its receipt. The only one of the permissible responses which could be considered positive from the point of view of the grievant is subdivision (d) of rule 4.1, that the Chancellor or his designee has attempted or will attempt conciliation of the matter. This must be read in conjunction with rule 5, particularly 5.1 and 5.4 which provide:
*944 "5.1. If in the judgment of the Chancellor based on the petition or on his own initiative, an appropriate case of exercise of the Chancellor’s powers is presented, the Chancellor shall, to the maximum extent possible and feasible based on all of the circumstances of the matter, attempt conciliation of the matter with the community school board or member(s).”
"5.4. If, in the judgment of the Chancellor, the community board or member(s) has failed to comply with applicable provisions of laws, by-laws, rules or regulations, directives and agreements, and efforts at conciliation have failed, the Chancellor may issue an order requiring the community board or member(s) to cease its improper conduct or take required action.”
There is an apparent conflict between rule 1.2 insofar as it provides that no provisions of the rules shall be deemed to require that the Chancellor take action when at his discretion he declines to act, and rule 4 which requires the Chancellor to mail a statement to the grievant within 15 days, indicating a response. These rules can be reconciled, however, by distinguishing between a failure to act and a failure to respond, that is, by limiting the former to mean a failure to take action on the merits pursuant to rule 5.4 and the latter to mean a failure to take any of the procedural steps clearly mandated by rule 4. This distinction would seem to be supported by the wording of rule 7 regarding appeals to the city board which provides both for appeals from the failure of the Chancellor to act (respond) or the failure to take appropriate action (the nature of the response): "An appeal from a failure to act on the part of the Chancellor may not be taken prior to thirty days after such failure to act. An appeal from an action taken by the Chancellor must be taken within fifteen days following such action.”
Petitioner contends that she was unable to avail herself of the administrative appeal provision under rule 7. "Since petitioner was constantly assured of the Chancellor’s imminent action, it had no reasonable basis upon which to compute the thirty day period.” Her position, thus, is that a deferral of the action by the Chancellor is not equivalent to a failure to act. There is no indication, however, that respondent Anker or the New York City Board of Education shares that interpretation. It is entirely possible, if not probable, that the board would entertain petitioner’s appeal 30 days after the grievance was filed or, at the latest, 45 days after that day, if the *945 board was to interpret the "failure of the Chancellor to act” in rule 7.1 to mean failure to respond within 15 days pursuant to rule 4. Until and unless the board either refuses to entertain petitioner’s appeal or denies it or does not take some action within a reasonable time, an article 78 proceeding is premature.
Accordingly, the cross motion is granted to the extent that the petition is denied and the proceeding is dismissed for failure of petitioner to exhaust the available administrative remedies.